

# NUMBER 13-24-00460-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE CUERVO GOMEZ,                                                      Appellant,

v.

CITY OF MCALLEN,                                                        Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 10 OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice West**

Appellant Jose Cuervo Gomez sued appellee City of McAllen, asserting claims for premises defect and special defect under the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE § 101.022 (a), (b). The trial court granted McAllen's plea to the jurisdiction. Gomez argues the trial court erred in granting McAllen's plea by two issues,

which we reorganize: (1) there was a fact issue on McAllen's knowledge of the defect, and (2) Gomez was not provided an opportunity to conduct jurisdictional discovery before the trial court's ruling. We affirm.

## I.    BACKGROUND

Gomez alleged that, while travelling in his car at Second Street and Violet Street in McAllen, his car hit a manhole that was "uncovered" or had "unsecured manhole lid." After he hit the manhole, "the unsecured lid flew to the right side of the street." Gomez alleged he sustained injuries and his car was damaged.

According to a City of McAllen "Accident Investigation Report" (Report), two McAllen sanitation employees were nearby "shutting of[f] 2nd and [V]iolet lift station for a manhole repair." They "heard a bang and turned around to see a car slowing down at 2nd and [V]iolet going northbound[, and the] vehicle turned around and came to their location. Staff noticed [the] manhole lid was not on [the] manhole." The McAllen employees picked up the manhole cover and returned it to the manhole.

McAllen filed a plea to the jurisdiction challenging the pleadings and the existence of jurisdictional facts in the manner of both a no-evidence and traditional summary judgment motion.[1] However, McAllen's challenge was narrow: it asserted that it had neither actual knowledge of a premises defect nor constructive knowledge of a special defect. In response to the plea, Gomez attached his live pleading and the Accident Investigation Report as evidence. Gomez also filed a motion to compel the deposition of McAllen's corporate representative. After the hearing on McAllen's plea, Gomez filed a

---

[1] McAllen attached Gomez's live pleading and deposition as evidence.

2

verified motion to continue the trial court's ruling on the plea to allow Gomez time to depose McAllen's corporate representative and the two sanitation employees. The trial court granted the plea without ruling on Gomez's motions, and this appeal ensued.[2]

## II.  STANDARD OF REVIEW AND APPLICABLE LAW

Jurisdictional challenges are reviewed de novo. *City of Houston v. Gomez*, 716 S.W.3d 161, 164 (Tex. 2025) (per curiam) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004)). Under the doctrine of sovereign immunity, courts lack subject matter jurisdiction over suits against political subdivisions of the State, such as McAllen, unless immunity has been clearly and unambiguously waived by the legislature. *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018) (noting the doctrine is referred to as "governmental immunity" when relating to subdivisions of the State); *see* TEX. GOV'T CODE § 311.034.

A movant may challenge jurisdiction, akin to a no-evidence motion for summary judgment, by asserting that the "plaintiff has produced no evidence of an element required for the immunity waiver to apply." *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024). To survive the challenge, the nonmovant must respond with jurisdictional evidence establishing a genuine issue of material fact as to the challenged element. *Id.*; TEX. R. CIV. P. 166a(i).[3] The nonmovant must proffer more than a scintilla of probative evidence

---

[2] The parties also discussed a motion to quash the deposition of McAllen's corporate representative. However, the appellate record does not include such motion. *See In re C.J.*, 689 S.W.3d 417, 421 (Tex. App.—Dallas 2024, no pet.) ("The appellant bears the burden to ensure that a sufficient appellate record is presented to show reversible error.")

[3] We note that Rule 166a was amended effective March 1, 2026. Because McAllen's plea was filed before then, we cite the prior version of the Rule throughout this memorandum opinion. *See* Supreme Court of Texas, *Final Approval of Amendments to Rule 166a of the Texas Rules of Civil Procedure*, Misc. Docket No. 26-9012 (Tex. 2026) (ordering that the amendment applies only "to a motion for summary judgment filed on or after March 1, 2026").

3

raising a genuine material fact issue. *Miracle Auto., Inc. v. Geico Cnty. Mut. Ins. Co.*, 696 S.W.3d 713, 716 (Tex. App.—San Antonio 2024, no pet.). More than a scintilla of evidence requires evidence that "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). Courts view the evidence in the light most favorable to the nonmovant, resolving all doubts against the motion. *Miracle Auto., Inc.*, 696 S.W.3d at 716.

When a movant asserts both a no-evidence and traditional motion for summary judgment, we review the no-evidence motion first; if the nonmovant fails to establish its burden with respect to the no-evidence motion, we do not analyze whether the movant satisfied its burden with respect to the traditional motion.[4] *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) ("When a party moves for summary judgment on both traditional and no-evidence grounds[,] . . . we first address the no-evidence grounds . . . . [I]f the non-movant fails to produce legally sufficient evidence to meet his burden as to the no-evidence motion, there is no need to analyze whether the movant satisfied its burden under the traditional motion."); *Ridgway*, 135 S.W.3d at 600 (same); *Webb Consol. Indep. Sch. Dist. v. Marshall*, 690 S.W.3d 698, 710 (Tex. App.—San Antonio 2023) (stating the same in the context of summary judgment motions challenging

---

[4] The burden in a traditional summary judgment is on the movant while the burden in a no-evidence summary judgment is on the nonmovant. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019) (acknowledging the differing burdens).

4

jurisdiction), *aff'd*, No. 24-0339, 2026 WL 1108676 (Tex. Apr. 24, 2026); *Jubilee Acad. Ctr., Inc. v. Sch. Model Support, LLC*, No. 04-21-00237-CV, 2022 WL 1479039, at *2 (Tex. App.—San Antonio May 11, 2022, pet. denied) (op. on reh'g, not designated for publication) (same).

To prevail on a premises defect claim under the TTCA, a claimant must prove that the governmental unit had *actual knowledge* of a dangerous condition. *See* TEX. CIV. PRAC. & REM. CODE § 101.022(a) (providing that a governmental unit's duty related to a premises defect is equivalent to the licensee standard); *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016) (providing the licensee standard requires actual knowledge). In *Sampson*, the Texas Supreme Court held that "proximity of employees is no evidence of actual knowledge." *Id.* at 396. In that case, an extension cord providing lighting for a tailgating event crossed a walkway but was positioned on a retaining wall, resulting in a gap between the cord and the ground. *Id.* at 383, 390. A University of Texas (UT) professor was injured after tripping over the cord. *Id.* at 383. While evidence conflicted as to whether UT or third-party employees actually laid the extension cord, there was evidence that UT inspected and approved the event setup, and a UT employee found the extension cord unplugged and reconnected it after the lights went out during the event. *Id.* at 393. The Court explained:

> An inference is not reasonable if premised on mere suspicion—some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence. [A UT employee's] re-plugging the extension cord leads at most to suspicion that she was aware the cord was a tripping hazard; it cannot be reasonably inferred that taking three to five minutes to identify why the lights went out and to plug the cord back into the socket meant that [the employee] actually became aware of how the cord was positioned over the retaining wall and that it created a tripping hazard. Regarding the inspection of the set-up by UT employees, the evidence

5

shows that a general observation and walk-through occurred, not a detailed review of the premises.

*Id.* at 394–95 (quotations omitted).

To prevail on a special defect[5] claim under the TTCA, a claimant must prove the governmental unit had *constructive knowledge* of a dangerous condition, meaning the governmental unit should have known of the dangerous condition. *See* TEX. CIV. PRAC. & REM. CODE § 101.022(b) (providing a governmental unit's duty related to special defects is not limited to the licensee standard); *Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 847 (Tex. 2009) (per curiam) (providing the governmental unit's duty related to a special defect is equivalent to the invitee standard); *City of Houston v. Johnson*, No. 01-17-00654-CV, 2018 WL 2925705, at *2 (Tex. App.—Houston [1st Dist.] June 12, 2018, no pet.) (mem. op.). To show constructive knowledge, a claimant must prove that "a dangerous condition existed for some length of time"; otherwise "there is no basis upon which a factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815–16 (Tex. 2002); *Johnson*, 2018 WL 2925705, at *3 (holding Johnson was required to present evidence as to how long a drain cover was missing before she fell into the drain "such as testimony from someone who had observed the drain without its cover before Jonhson's

---

[5] Related to McAllen's jurisdictional challenge mirroring a traditional summary judgment motion, McAllen attached the deposition of Gomez, wherein he testified that the manhole cover was not missing from the manhole but was merely unsecured and flew off when he drove over it. The parties extensively discuss in their briefs whether such condition could have been a special defect. *See City of Houston v. Crook*, No. 06-21-00036-CV, 2021 WL 4804453, at *6–7 (Tex. App.—Texarkana Oct. 15, 2021, no pet.) (mem. op.) (collecting cases holding that a partially dislodged or unsecured manhole lid, in contrast to a completely missing manhole lid, is not a special defect). However, we do not address this issue because McAllen first raised this argument in its reply to Gomez's response to the plea. *See Nevarez v. USAA Fed. Sav. Bank*, 630 S.W.3d 416, 422 (Tex. App.—El Paso 2021, pet. denied) ("New grounds asserted in a movant's summary judgment reply will not be considered on appeal.")

fall"). Moreover, "[a]n employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it." *Reece*, 81 S.W.3d at 816.

### III. KNOWLEDGE

By his first issue, Gomez argues he established a genuine material fact issue as to whether McAllen had actual or constructive knowledge of the manhole cover defect. Gomez attached two items of evidence to his response: his live pleading and the "Accident Investigation Report." Pleadings and documents attached to them are not evidence. *See Shah v. Star Anesthesia, P.A.*, 580 S.W.3d 260, 266 (Tex. App.—San Antonio 2019, no pet.). The report merely provides that McAllen employees were nearby shutting down a lift station for manhole repair, heard a "bang" when Gomez hit the manhole cover, noticed the manhole cover was no longer on the manhole, and then recovered the manhole. The report does not discuss whether McAllen employees had prior knowledge of any issues with the manhole cover or otherwise indicate how long the condition existed before Gomez ran over the manhole cover. Gomez's evidence that employees were nearby shutting down a lift station to do a repair on a manhole fails to establish a genuine material fact issue as to either McAllen's actual or constructive knowledge of a defect with the manhole cover. *See Sampson*, 500 S.W.3d at 396; *Reece*, 81 S.W.3d at 815–16. We overrule his first issue.

### IV. DISCOVERY MOTIONS

In his second issue, Gomez argues that the trial court improperly granted McAllen's plea without granting his motion to compel the deposition of McAllen's corporate

7

representative or his motion for continuance to allow time to depose the two sanitation employees and the corporate representative.

## A.    Preservation

As a prerequisite to presenting a complaint for appellate review, a litigant must show that the complaint was made to the trial court by a timely request, objection, or motion, and the trial court (1) ruled on the request, objection, or motion, either expressly or implicitly, or (2) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a).

Here, Gomez's motion for continuance was filed the day after the hearing on McAllen's plea, but before the plea was granted. The record does not reflect a ruling by the trial court or that the motion was set for hearing or otherwise brought to the trial court's attention. And even if the record reflected that the trial court refused to rule on the motion, which it does not, the record is absent of any objection by Gomez to such refusal. Thus, Gomez failed to preserve this issue. *See id.*; *Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d 686, 690 (Tex. App.—Tyler 1996, no writ) (holding appellant failed to preserve error where it did not obtain a ruling on a motion for continuance for discovery purposes); *see also In re E.S.*, No. 02-20-00407-CV, 2021 WL 2149627, at *6 (Tex. App.—Fort Worth May 27, 2021, pet. denied) (mem. op.) (same); *Gonerway v. Corr. Corp. of Am.*, 442 S.W.3d 443, 446 (Tex. App.—Dallas 2013, no pet.) (same); *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224 (Tex. App.—Dallas 2008, pet. struck) (same); *Hornsby v. Alter's Gem Jewelry, Ltd.*, No. 09-04-542 CV, 2005 WL 3073790, at *3 (Tex. App.—Beaumont Nov. 17, 2005, pet. denied) (mem. op.) (same); *Bench Co., Inc. v. Nations Rent of Tex., L.P.*, 133 S.W.3d 907, 909 (Tex. App.—Dallas 2004, no pet.) (same).

8

**B.      Merits**

Even assuming Gomez preserved this issue, he still failed to show that the trial court abused its discretion by denying his motions.

Both motions for continuance and motions to compel discovery are reviewed for abuse of discretion. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009) (regarding "actions denying discovery"); *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (regarding motions for continuance); *Sibley v. Bechtel*, No. 11-21-00133-CV, 2023 WL 4628528, at *3 (Tex. App.—Eastland July 20, 2023, no pet.) (mem. op.) (regarding motions for continuance and motions to compel depositions). "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Castillo*, 279 S.W.3d at 661. If a claimant failed to show that the trial court abused its discretion in denying a motion for continuance to conduct discovery, then we will also find the trial court did not abuse its discretion in denying a motion to compel the same. *Sibley*, 2023 WL 4628528, at *7 (holding, where claimant failed to establish entitlement to a continuance under Rule 166a(g) to conduct a deposition, that "we also hold that the trial court did not abuse its discretion in denying the motion to compel the deposition"); *Fraud-Tech, Inc. v. Choicepoint, Inc.*, No. 2-05-150-CV, 2006 WL 1030189, at *3 (Tex. App.—Fort Worth Apr. 20, 2006, no pet.) (mem. op.) ("Because we hold that the trial court did not abuse its discretion by denying appellants' motion for a continuance to conduct further discovery, we also conclude and hold that the trial court did not abuse its discretion by denying appellants' motion to compel.")

While trial courts exercise "discretion in deciding whether . . . jurisdictional determination[s] should be made at a preliminary hearing or await a fuller development

9

of the case," they must be "mindful that [jurisdictional] determination[s] must be made as soon as practicable." *Miranda*, 133 S.W.3d at 227. In light of this, trial courts may refuse an application for judgment or "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just" when the party opposing a summary judgment motion shows by affidavit "that he cannot for reasons stated present by affidavit facts essential to justify his opposition." Tex. R. Civ. P. 166a(g). When a Rule 116a(g) continuance is requested, courts assess the following nonexclusive factors: "[(1)] the length of time the case has been on file, [(2)] the materiality and purpose of the discovery sought, and [(3)] whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Joe*, 145 S.W.3d at 161.[6]

### i.      Time & Diligence

Gomez's motion for continuance does not address the length of time the case has been on file or detail the efforts undertaken by him to obtain the depositions from McAllen. He merely states "[McAllen] has prevented [Gomez] from gathering the evidence he is rightfully entitled to."

The record reflects Gomez's original petition was filed on October 6, 2023. McAllen answered the lawsuit on October 26, 2023. McAllen's plea to the jurisdiction was filed on May 14, 2024. Gomez filed an amended petition on May 15, 2024. Then McAllen filed an amended plea on May 30, 2024. Gomez filed a motion to compel the deposition of McAllen's corporate representative on June 20, 2024. The hearing on the plea and motion to compel took place on August 15, 2024. The motion for continuance was filed on August

---

[6] While Gomez did not file an affidavit, his motion for continuance was verified by his counsel.

16, 2024. There is no evidence in the record that Gomez ever formally sought discovery from McAllen under the rules such as by noticing a deposition.[7]

Gomez did not explain why he first sought to compel the deposition of McAllen's corporate representative more than eight months after he filed his lawsuit and more than five weeks *after* McAllen filed its original plea. He did not explain what other discovery, if any, had been gathered since the inception of the lawsuit. He also did not explain why he first sought a continuance to depose the two sanitation employees and the corporate representative more than ten months after he filed his lawsuit, more than three months *after* McAllen filed its original plea, and a day *after* the hearing on the plea he sought to continue.

Gomez's failure to provide explanations in his verified motion as to timing and diligence weighs in favor of the trial court's decision. *See Guzman v. City of Bellville*, 640 S.W.3d 352, 359 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (providing that plaintiff did not show diligence where he did not explain why he was unable to conduct discovery during the nine month period after the first discovery requests were due and, aside from filing a motion to compel, did not seek discovery from the City during the three and a half month period between his motion for continuance and hearing on the City's plea); *Sayles v. Senior Care Res., Inc.*, No. 02-20-00124-CV, 2021 WL 62130, at *8 (Tex. App.—Fort Worth Jan. 7, 2021, no pet.) (mem. op.) (finding no abuse of discretion where appellant did not allege that he "used due diligence to procure [the subject] testimony," explaining "[i]t is axiomatic that the appellant must show that she has used due diligence and must

---

[7] We note Gomez's unsworn motion to compel states he noticed the deposition of McAllen's corporate representative. However, no such notice appears in the appellate record.

state with particularity such diligence used and the cause of the failure to produce a witness"); *Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (finding no abuse of discretion where Carter gave no explanation for why no discovery had been conducted during the first nine months of the lawsuit, explaining "[a] last minute attempt does not constitute diligence"); *Martinez v. William C. Flores, M.D., P.A.*, 865 S.W.2d 194, 197 (Tex. App.—Corpus Christi–Edinburg 1993, writ denied) (finding no abuse of discretion where appellant "did not explain what discovery he wanted, why it had not yet occurred, why it could not occur before the submission date, and what it would prove"); *see also San Antonio Fam. Ass'n v. City of San Antonio*, 720 S.W.3d 377, 394 (Tex. App.—San Antonio 2025, no pet.) (finding a lack of due diligence where appellants had not noticed the depositions it sought).

### ii.   Materiality

Gomez's motion for continuance states he needs to depose the corporate representative and sanitation employees to "establish additional jurisdictional facts[] prior to a ruling on [McAllen]'s Plea to the Jurisdiction" and that "[t]he information [Gomez] can learn from these depositions is essential for [Gomez] in proceeding with his claims."

Gomez's failure to specify reasons for needing the depositions in his verified motion, beyond general and conclusory statements, weighs in favor of the trial court's decision. *See Sibley,* 2023 WL 4628528, at *6 (holding the trial court did not abuse its discretion when it determined appellant failed to satisfy Rule 166a(g) and explaining "general averments that . . . discovery will be relevant to fact issues that will be raised in the response" are insufficient "in explaining the materiality of the discovery that is sought"); *Muller v. Stewart Title Guar. Co.,* 525 S.W.3d 859, 866 (Tex. App.—Houston

12

[14th Dist.] 2017, no pet.) (finding no abuse of discretion where Muller "failed to provide any explanation for why any of the requested additional discovery was 'necessary' or material"); *Quested v. City of Houston*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding the trial court did not abuse its discretion in denying a motion to continue hearing on the City's plea to the jurisdiction where Quested failed to show how the discovery she sought was "material to the trial court's assessment of the" plea); *Doe v. Roman Cath. Archdiocese of Galveston-Hou. ex rel. Dinardo*, 362 S.W.3d 803, 809 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (explaining a Rule 116a(g) request for time to conduct discovery "must explain why [a] continuance is necessary; conclusory allegations are insufficient").

Therefore, even if Gomez preserved this issue, the trial court did not abuse its discretion by denying his motion for continuance to take depositions. *See Castillo*, 279 S.W.3d at 661. We also find no abuse of discretion in the trial court's denial of Gomez's motion to compel. *See Sibley*, 2023 WL 4628528, at *7; *Fraud-Tech, Inc.*, 2006 WL 1030189, at *3.

We overrule Gomez's second issue.

## V.    APPELLATE MOTION

McAllen filed a motion to dismiss asserting that Gomez's notice of appeal was untimely. The trial court granted the plea on August 19, 2024. Gomez filed a request for findings of fact and conclusions of law on August 20, 2024. And Gomez filed his notice of appeal on September 19, 2024.

Where an appellant requests findings of fact and conclusions of law related to a trial court's grant of a plea to the jurisdiction that involved consideration of evidence, the

13

deadline to file a notice of appeal is ninety days from the grant of the plea. *See* TEX. R. CIV. P. 26.1(a)(4); TEX. R. CIV. P. 296; *Gene Duke Bldrs., Inc. v. Abilene Hous. Auth.*, 138 S.W.3d 907, 908 (2004) (applying to a plea to the jurisdiction).

Here, evidence was considered regarding the plea. Accordingly, Gomez's filing of a request for findings of fact and conclusions of law extended the deadline to file a notice of appeal to November 17, 2024. Accordingly, Gomez's September 19, 2024, notice of appeal was timely. McAllen's appellate motion is denied.

## VI. CONCLUSION

Gomez failed to respond to McAllen's plea with evidence establishing a genuine material fact issue as to McAllen's knowledge of the alleged defect with the manhole cover. Gomez also failed to show the trial court abused its discretion by denying his discovery motions. Accordingly, we affirm the trial court's judgment.

JON WEST
Justice

Delivered and filed on the
6th day of August, 2026.

14